IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT, IN
AND FOR ORANGE COUNTY, FLORIDA
CASE NO.: 2010-CA-006291-O

**SATYA GURNANI**, an individual;
Doing business as
**WATERFRONT LAND CORP.**

 Plaintiff,

vs

**INGRID LOITEN**, an individual; **MAY DAISY CORPORATION**, a corporation organized under the laws of Grand Cayman and the Officers and Directors of **I TRADE FX, LLC** a Florida Limited Liability Company

 Defendants;

and

**I TRADE FX, LLC** a Florida Limited Liability Company

 Stakeholders.

_____/



## AMENDED VERIFIED COMPLAINT FOR DAMAGES FROM RACKETEERING, CONSPIRACY TO ENGAGE IN A PATTERN OF RACKETEERING ACTIVITY (the Officers and Directors of iTRADEFX) AND RELATED CLAIMS AND DEMAND FOR JURY TRIAL

Plaintiff, **SATYA GURNANI, AN INDIVIDUAL; DOING BUSINESS AS WATERFRONT LAND CORP**(the "Plaintiff") sues Defendants, and this is a civil action for RICO against all of **I TRADE FX,**

**LLC** directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them (hereinafter "iTrade") for remedies authorized by the Florida Statutes **895.01-895.08, 772.103-772.104** and federal statutes at *18 U.S.C. 1961 et seq.* for actual, consequential and treble damages; and for all other relief which this Honorable Court deems just and proper under the circumstances set forth in this Initial COMPLAINT. See Florida Statutes **895.01-895.08, 772.103-772.104** and *18 U.S.C. §§ 1964(c)* ("Civil RICO").

## PRELIMINARY STATEMENT

1. This is a civil action for RICO against the Officers and Directors of **I TRADE FX, LLC** for remedies authorized by the federal statutes at Florida Statutes **895.01-895.08, 772.103-772.104** and 18 U.S.C. 1961 *et seq.* for actual, consequential and treble damages and for all other relief which this Honorable Court deems just and proper under the circumstances set forth in this Initial COMPLAINT. See Florida Statutes **895.01-895.08, 772.103-772.104** and 18 U.S.C. §§ 1964(c) ("Civil RICO").

2. The predicate acts alleged here cluster around criminal theft, violation of bank secrecy laws, obstruction of justice, mail fraud and bank fraud *See 18 U.S.C. §§ 1341 and 1344* and Florida Statutes Section 655.50, relating to reports of currency transactions; Chapter 812, relating to theft, robbery, and related crimes; Chapter 815, relating to computer-related crimes; Chapter 817, relating to fraudulent practices, false pretenses, fraud generally, and credit card crimes; Chapter 896, relating to offenses related to financial transactions; Any conduct defined as "racketeering activity" under 18 U.S.C. s. 1961(1).

3. The primary objective of the racketeering *enterprise* has been to manipulate charts and data with the intent of impairing and obstructing Plaintiff from making foreign currency trades which inflicted severe and sustained economic hardship upon Plaintiff.

## JURISDICTION
## JURISDICTION and VENUE

4. Plaintiff, The PLAINTIFF, **SATYA GURNANI, AN INDIVIDUAL; DOING BUSINESS AS WATERFRONT**

**LAND CORP** is a citizen of the State of Florida and are *sui juris*.

5. Defendant the Officers and Directors of **I TRADE FX, LLC,** is and at all times pertinent a corporate entity organized under the laws of the state of Florida as Florida Limited Liability Company, having its principal place of business at doing business in Miami-Dade County, Florida.

6. Stakeholder is and at all times pertinent a corporate entity organized under the laws of the state of Florida as Corporation, having its principal place of business at 171 N CLARK ST, CHICAGO, IL 60601-3294.

7. This is an action for damages in excess of the jurisdictional limit of $15,000.00 exclusive of attorney's fees and costs.

8. Venue is proper within Miami-Dade County for it is the location of the res at issue and the situs of the wrongful act.

7. As to the civil action for RICO against the Officers and Directors of **I TRADE FX, LLC** this Honorable Court has original jurisdiction pursuant to *28 U.S.C 1331* [The district courts shall have

original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States] the civil RICO remedies at *18 U.S.C. 1964*, and the holdings of the U.S. Supreme Court in *Tafflin v. Levitt*, 493 U.S. 455 (1990).

8. The PLAINTIFF, **SATYA GURNANI, AN INDIVIDUAL; DOING BUSINESS AS WATERFRONT LAND CORP** is a citizen of the State of Florida.

9. Defendant, **INGRID LOITEN** is a citizen of Jamaica currently residing in Johannesburg, South Africa, Swaziland, Ghana and Zambia and is otherwise sui juris.

10. Defendant, **MAY DAISY CORPORATION** is a corporation organized under the laws of Grand Cayman.

11. Defendant **I TRADE FX, LLC** is a Florida Limited Liability Company, with its principal place of business in the Middle District of Florida.

## PARTIES

12. The PLAINTIFF, **SATYA GURNANI, AN INDIVIDUAL; DOING BUSINESS AS WATERFRONT LAND CORP** is a citizen of the State of Florida.

13. Defendant/Stakeholder **I TRADE FX; LLC** is a Florida Limited Liability Company (hereinafter "I TRADE").

## COUNT I

## COMPLAINT FOR DAMAGES FROM RACKETEERING and CONSPIRACY TO ENGAGE IN A PATTERN OF RACKETEERING ACTIVITY

### FACTS:

14. According to their website, "i-Trade FX is committed to providing cutting-edge technology and solutions to novice and professional Forex traders alike. With multiple trading platforms and charting options".

15. In reliance on these claims, **SATYA GURNANI, AN INDIVIDUAL; DOING BUSINESS AS WATERFRONT LAND CORP** received

instruction from the Officers and Directors of **iTRADEFX** and began trading immediately.

16. **iTRADEFX** pressured **SATYA GURNANI, AN INDIVIDUAL; DOING BUSINESS AS WATERFRONT LAND CORP** to begin trading right away despite the fact that for a new or novice trader, this is a recipe for disaster.

17. **SATYA GURNANI, AN INDIVIDUAL; DOING BUSINESS AS WATERFRONT LAND CORP** purchased the "Win Trader" package from iTRADEFX.

18. According to the iTRADEFX website "this [Win Trader] platform features customizable viewing and reporting options and lets you manage multiple positions and orders in a single chart window".

19. **SATYA GURNANI, AN INDIVIDUAL; DOING BUSINESS AS WATERFRONT LAND CORP** also purchased the actual currency charts and candlestick charts from iTRADEFX.

20. A **"Candlestick Chart" is** a "chart that indicates the trading ranges for the day as well as the opening and closing price. If the close price

is lower than the open price, the rectangle is shaded or filled. If the open price is higher than the close price, the rectangle is not filled."[1]

## PREDICATE RICO ACTS

21. This is a civil action for RICO against all of **I TRADE FX, LLC** directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them (hereinafter "iTrade") for remedies authorized by the federal statutes at *18 U.S.C. 1961 et seq;* The predicate RICO[2] acts alleged here cluster around criminal

---

[1] Source, iTRADEFX website; http://www.itradefx.com/forex-glossary-c.aspx

[2] Determination of what activity constitutes a "pattern of racketeering activity" within meaning of RICO is a matter of criminal dimension and degree for which no mechanical test is available. *International Data Bank, Ltd. v. Zepkin*, 812 F.2d 149 (C.A.4, 1987).

**§ 1961. Definitions**

As used in this chapter--

**(1)** "racketeering activity" means (A) any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under State law and punishable by imprisonment for more than one year; (B) any act which is

indictable under any of the following provisions of title 18, United States Code: Section 201 (relating to bribery), section 224 (relating to sports bribery), sections 471, 472, and 473 (relating to counterfeiting), section 659 (relating to theft from interstate shipment) if the act indictable under section 659 is felonious, section 664 (relating to embezzlement from pension and welfare funds), sections 891-894 (relating to extortionate credit transactions), section 1028 (relating to fraud and related activity in connection with identification documents), section 1029 (relating to fraud and related activity in connection with access devices), section 1084 (relating to the transmission of gambling information), section 1341 (relating to mail fraud), section 1343 (relating to wire fraud), section 1344 (relating to financial institution fraud), section 1425 (relating to the procurement of citizenship or nationalization unlawfully), section 1426 (relating to the reproduction of naturalization or citizenship papers), section 1427 (relating to the sale of naturalization or citizenship papers), sections 1461-1465 (relating to obscene matter), section 1503 (relating to obstruction of justice), section 1510 (relating to obstruction of criminal investigations), section 1511 (relating to the obstruction of State or local law enforcement), section 1512 (relating to tampering with a witness, victim, or an informant), section 1513 (relating to retaliating against a witness, victim, or an informant), section 1542 (relating to false statement in application and use of passport), section 1543 (relating to forgery or false use of passport), section 1544 (relating to misuse of passport), section 1546 (relating to fraud and misuse of visas, permits, and other documents), sections 1581-1592 (relating to peonage, slavery, and trafficking in persons)., [FN1] section 1951 (relating to interference with commerce, robbery, or extortion), section 1952 (relating to racketeering), section 1953 (relating to interstate transportation of wagering paraphernalia), section 1954 (relating to unlawful welfare fund payments), section 1955 (relating to the prohibition of illegal gambling businesses), section 1956 (relating to the laundering of monetary instruments), section 1957 (relating to engaging in monetary transactions in property derived from specified unlawful activity), section 1958 (relating to use of interstate commerce

facilities in the commission of murder-for-hire), section 1960 (relating to illegal money transmitters), sections 2251, 2251A, 2252, and 2260 (relating to sexual exploitation of children), sections 2312 and 2313 (relating to interstate transportation of stolen motor vehicles), sections 2314 and 2315 (relating to interstate transportation of stolen property), section 2318 (relating to trafficking in counterfeit labels for phonorecords, computer programs or computer program documentation or packaging and copies of motion pictures or other audiovisual works), section 2319 (relating to criminal infringement of a copyright), section 2319A (relating to unauthorized fixation of and trafficking in sound recordings and music videos of live musical performances), section 2320 (relating to trafficking in goods or services bearing counterfeit marks), section 2321 (relating to trafficking in certain motor vehicles or motor vehicle parts), sections 2341-2346 (relating to trafficking in contraband cigarettes), sections 2421-24 (relating to white slave traffic), sections 175-178 (relating to biological weapons), sections 229-229F (relating to chemical weapons), section 831 (relating to nuclear materials), (C) any act which is indictable under title 29, United States Code, section 186 (dealing with restrictions on payments and loans to labor organizations) or section 501(c) (relating to embezzlement from union funds), (D) any offense involving fraud connected with a case under title 11 (except a case under section 157 of this title), fraud in the sale of securities, or the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), punishable under any law of the United States, (E) any act which is indictable under the Currency and Foreign Transactions Reporting Act, (F) any act which is indictable under the Immigration and Nationality Act, section 274 (relating to bringing in and harboring certain aliens), section 277 (relating to aiding or assisting certain aliens to enter the United States), or section 278 (relating to importation of alien for immoral purpose) if the act indictable under such section of such Act was committed for the purpose of financial gain, or (G) any act that is indictable under any provision listed in section 2332b(g)(5)(B);

(2) "State" means any State of the United States, the District of Columbia, the Commonwealth of Puerto Rico, any territory or possession of the United States, any political subdivision, or any department, agency, or instrumentality thereof;

(3) "person" includes any individual or entity capable of holding a legal or beneficial interest in property;

(4) "enterprise" includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity;

(5) "pattern of racketeering activity" requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity;

(6) "unlawful debt" means a debt (A) incurred or contracted in gambling activity which was in violation of the law of the United States, a State or political subdivision thereof, or which is unenforceable under State or Federal law in whole or in part as to principal or interest because of the laws relating to usury, and (B) which was incurred in connection with the business of gambling in violation of the law of the United States, a State or political subdivision thereof, or the business of lending money or a thing of value at a rate usurious under State or Federal law, where the usurious rate is at least twice the enforceable rate;

**(7)** "racketeering investigator" means any attorney or investigator so designated by the Attorney General and charged with the duty of enforcing or carrying into effect this chapter;

**(8)** "racketeering investigation" means any inquiry conducted by any racketeering investigator for the purpose of ascertaining whether any person has been involved in any violation of this chapter or of any final order, judgment, or decree of any court of the United States, duly entered in any case or proceeding arising under this chapter;

**(9)** "documentary material" includes any book, paper, document, record, recording, or other material; and

**(10)** "Attorney General" includes the Attorney General of the United States, the Deputy Attorney General of the United States, the Associate Attorney General of the United States, any Assistant Attorney General of the United States, or any employee of the Department of Justice or any employee of any department or agency of the United States so designated by the Attorney General to carry out the powers conferred on the Attorney General by this chapter. Any department or agency so designated may use in investigations authorized by this chapter either the investigative provisions of this chapter or the investigative power of such department or agency otherwise conferred by law.

**§ 1962. Prohibited activities (c)** It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

**(d)** It shall be unlawful for any person to conspire to violate any of

theft, violation of bank secrecy laws, obstruction of justice, mail fraud and bank fraud. See *18 U.S.C. §§ 1341 and 1344.*

22. The primary objective of the racketeering *enterprise* has been to manipulate charts and data with the intent of impairing and obstructing Plaintiff from making foreign currency trades which inflicted severe and sustained economic hardship upon Plaintiff.

23. iTRADEFX would routinely manipulate **SATYA GURNANI'S** candlestick charts.

---

the provisions of subsection (a), (b), or (c) of this section.

18 U.S.C.A. § 1964 **(c)** Any person injured in his business or property by reason of a violation of <u>section 1962</u> of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee, except that no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of <u>section 1962</u>. The exception contained in the preceding sentence does not apply to an action against any person that is criminally convicted in connection with the fraud, in which case the statute of limitations shall start to run on the date on which the conviction becomes final.

24. **SATYA GURNANI, AN INDIVIDUAL; DOING BUSINESS AS WATERFRONT LAND CORP** began making trades using his iTRADEFX charts on one computer, and monitoring the trades on a separate computer.

25. On February 6, 2008, **SATYA GURNANI, AN INDIVIDUAL; DOING BUSINESS AS WATERFRONT LAND CORP** made a Forex trade with Defendant **I TRADE.**

26. Defendant **I TRADE** manipulated the trades and the charts and **SATYA GURNANI, AN INDIVIDUAL; DOING BUSINESS AS WATERFRONT LAND CORP** lost his trade February 6, 2008.

27. But for Defendant **I TRADE** manipulating the trades and the charts, **SATYA GURNANI, AN INDIVIDUAL; DOING BUSINESS AS WATERFRONT LAND CORP** would not have lost his trade February 6, 2008.

28. On February 7, 2008, **SATYA GURNANI, AN INDIVIDUAL; DOING BUSINESS AS WATERFRONT LAND CORP** made a Forex trade with Defendant **I TRADE.**

29. Defendant **I TRADE** manipulated the trades and the charts and **SATYA GURNANI, AN INDIVIDUAL; DOING BUSINESS AS WATERFRONT LAND CORP** lost his trade February 7, 2008.

30. But for Defendant **I TRADE** manipulating the trades and the charts, **SATYA GURNANI, AN INDIVIDUAL; DOING BUSINESS AS WATERFRONT LAND CORP** would not have lost his trade February 7, 2008.

31. On numerous other dates and times, through a pattern of racketeering, **I TRADE** manipulated the charts and trades so as to make the Plaintiff, **SATYA GURNANI, AN INDIVIDUAL; DOING BUSINESS AS WATERFRONT LAND CORP** lose his trades and monies.

32. Plaintiff, **SATYA GURNANI, AN INDIVIDUAL; DOING BUSINESS AS WATERFRONT LAND CORP** has been financially injured by **I TRADE'S** while it conducted the affairs of its enterprise affecting interstate commerce through a pattern of racketeering.

33. Plaintiff, **SATYA GURNANI, AN INDIVIDUAL; DOING BUSINESS AS WATERFRONT LAND CORP** has been financially injured directly by **I TRADE** by the predicate acts set forth in this paragraph.

WHEREFORE, pursuant to the statutes at 18 U.S.C. 1964(c) PLAINTIFF **SATYA GURNANI, AN INDIVIDUAL; DOING BUSINESS AS WATERFRONT LAND CORP** requests judgment against **I TRADE**:

a. That Defendant **I TRADE** and all their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from acquiring or maintaining, whether directly or indirectly, any interest in or control of any RICO *enterprise* of *persons,* or of other individuals associated in fact, who are engaged in, or whose activities do affect, interstate or foreign commerce.

b. That Defendant **I TRADE** (i.e. all of their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them), be enjoined *temporarily* during pendency of this

action, and *permanently* thereafter, from committing any more predicate acts in furtherance of the RICO *enterprise* alleged in COUNT ONE *supra*.

c. That Defendant **I TRADE** be required to account for all gains, profits, and advantages derived from their several acts of *racketeering activity* in violation of 18 U.S.C. 1962(c) and from all other violation(s) of applicable State and federal law(s).

d. That judgment be entered for Plaintiff and against Defendant **I TRADE** for Plaintiff's actual damages, and for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(c), according to the best available proof.

e. That Defendant **I TRADE** pay to Plaintiff treble (triple) damages, under authority of 18 U.S.C. 1964(c), for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(b), according to the best available proof.

f. That Defendant **I TRADE** pay Plaintiff's costs of the lawsuit incurred herein including, but not limited to reasonable attorney's fees.

g. That Plaintiff has such other and further relief as this Court deems just and proper, under the circumstances of this action.

## JURY DEMAND

Plaintiff, **SATYA GURNANI, AN INDIVIDUAL; DOING BUSINESS AS WATERFRONT LAND CORP** demands trial by jury.

*Respectfully submitted,*

_____
Joseph W. Gibson, Esq.
FBN: 344494
JOSEPH W. GIBSON, P.A.
Attorney for Plaintiff
19 West Flagler Street, #417
Miami, Florida 33130
Phone: (305) 377-2525
Joseph_Gibson@bellsouth.net

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished this __13__ day of April 2011 to the following

**Bruce B. Blackwell** (ITrade FX)
25 E Pine St
PO Box 1631
Orlando, FL 32801-1631
407/422-2472
Fax: 407/648-0161
bblackwell@kbdlaw.com

JOSEPH W. GIBSON, JR, ESQ.
FBN: 344494

JOSEPH W. GIBSON, P.A.
19 West Flagler Street,
Suite 417,
Miami, Florida 33130
Tel: (305) 377-2525
Fax: (305) 377-2528
E-Mail: joseph_gibson@bellsouth.net