UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SATYA GURNANI, an individual;
Doing business as WATERFRONT LAND
CORP.,

    Plaintiff,

vs.

INGRID LOITEN, an individual; MAY
DAISY CORPORATION, a corporation
organized under the laws of Grand Cayman,
and the Officers and Directors of I TRADE
FX, LLC, a Florida limited liability
company

    Defendants.[1]

Case No. 6:11-cv-759-Orl-28KRS

## DEFENDANT'S, I TRADE FX, LLC, MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (DOC. 2)

    Defendant, I TRADE FX, LLC ("Defendant" or "ITFX"), by and through undersigned counsel, hereby moves the Court to dismiss Plaintiff's Amended Complaint (Doc. 2) for failure to comply with FED. R. CIV. P. 8(a) and 9(b) and for failure to state a claim upon which relief can be granted pursuant to FED. R. CIV. P. 12(b)(6), or in the alternative, moves for a more definite statement pursuant to FED. R. CIV. P. 12(e), and states:

    1.    On or about March 8, 2010, Satya Gurnani, proceeding in his individual capacity, brought suit against Defendant ITFX in the Circuit Court for the Ninth Judicial Circuit in and for Orange County, Florida (the "State Court"). (Doc. 1-1 at 4).

---

[1] As stated in its Notice of Removal, Defendant I Trade FX, LLC disputes the propriety of the case style and identification of the parties utilized by Plaintiff in his/its pleadings. (Doc. 1 at 1 n. 1). Notwithstanding the ambiguity as to the number and identify of the named plaintiffs and defendants to this action, it is, of course, legally impossible for an individual such as Gurnani to be "doing business" as a corporation when that corporation is, in fact, actually incorporated. For purposes of the instant Motion, Defendant simply refers to the named plaintiff(s) as "Plaintiff."

2. Gurnani's initial complaint purported to assert four state law claims predicated on Florida law: (i) a statutory claim for civil theft pursuant to FLA. STAT. § 772.11; (ii) a common law claim for conversion; (iii) a common law claim for unjust enrichment; and (iv) a common law claim for breach of contract. (Doc. 1-1, at 4-21). No federal question appeared on the face of the complaint.

3. On December 14, 2010, the State Court entered an order dismissing Gurnani's complaint, finding that Gurnani, individually, was not the real party in interest and that "Waterfront Land Corporation" should be substituted as the proper plaintiff. (Doc. 1-1 at 56). Accordingly, the State Court dismissed the complaint and ordered Waterfront Land Corporation to refile within sixty (60) days. (Doc. 1-1, ¶ 2 at 56).

4. On April 15, 2011 – more than two months after the State Court's deadline had elapsed – Gurnani, this time purporting to proceed as "an individual . . . [d]oing business as Waterfront Land Corp" belatedly filed Plaintiff's "Amended Verified Complaint for Damages From Racketeering, Conspiracy to Engage in a Pattern of Racketeering Activity (the Officers and Directors of iTradeFX) and Related Claims and Demand for Jury Trial." (Doc. 2).

5. Plaintiff's Amended Complaint omitted Gurnani's prior state law claims and instead purported to assert a single claim for damages based on the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. [hereinafter, "RICO"]. In light of Plaintiff's decision to seek relief under federal law, Defendant timely removed the Amended Complaint to this Court, predicating subject matter jurisdiction on, *inter alia*, 28 U.S.C. § 1331. (Doc. 1 at 3).

6. As discussed further, *infra*, Plaintiff's Amended Complaint is an incomprehensible jumble of conclusory allegations and recitations of statutory text. Falling well short of complying with FED. R. CIV. P. 8(a) – let alone the heightened pleading requirements of FED. R. CIV. P. 9(b) – the Amended Complaint clearly fails to state a claim upon which relief can be granted and should be dismissed.[2]

## INCORPORATED MEMORANDUM OF LAW

**I.   APPLICABLE LAW**

    **A.   MINIMUM PLEADING REQUIREMENTS UNDER FED. R. CIV. P. 8(a)**

To adequately state a claim for relief, a pleading must, at a minimum, contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose of this requirement is to ensure that the defendant is given "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U. S. 41, 47 (1957), *overruled on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937 (2009).

    **B.   HEIGHTENED PLEADING REQUIREMENTS UNDER FED. R. CIV. P. 9(B)**

The Federal Rules of Civil Procedure impose heightened pleading requirements on fraud and RICO claims involving same. *See, e.g.*, *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364 (11th Cir. 1997) (plaintiff failed to plead RICO claim with particularity). In

---

[2] To the extent necessary, ITFX reserves the right to file a more substantive response to Plaintiff's claims. At present, however, the Amended Complaint is so ambiguous that ITFX cannot be expected to frame a response.

pertinent part, Rule 9 provides that in "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b).

Within the Eleventh Circuit, Rule 9(b) requires a plaintiff alleging fraud, or a claim involving fraud, such as a RICO predicate, to set forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (internal quotations and citations omitted); *see also, e.g.*, *Pierson v. Orlando Reg'l Healthcare Sys., Inc.*, 619 F. Supp. 2d 1260, 1287 (M.D. Fla. 2009) (noting that particularity under Rule 9(b) "means that a plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them.") (internal quotations omitted) (Antoon, J.).

    C.    **MOTIONS TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)**

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). While the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994) and limit its consideration to the pleadings and any exhibits attached thereto, FED. R.

CIV. P. 10(c), a plaintiff's obligation to provide the grounds for her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id*. at 555, and cross "the line from conceivable to plausible." *Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949-1951 (2009). Vague and conclusory allegations or "threadbare recitals" of the elements of a cause of action will not do; a complaint must have more than bare assertions that "the-defendant-unlawfully-harmed-me." *Id*. at 129 S. Ct. 1937, 1949 (citing *Twombly*, 550 U.S. at 555).

## II. DISCUSSION

Plaintiff's Amended Complaint merits little discussion. Apart from its failure to correctly identify the parties to the action,[3] the Amended Complaint fails to contain a short and plain statement of Plaintiff's claim – much less the sort of particularized and detailed allegations required to state a federal RICO claim involving fraud.

The only relevant factual allegations in the Amended Complaint state that ITFX putatively manipulated certain "charts and data with the intent of impairing and obstructing

---

[3] As noted, *supra*, the State Court ordered Waterfront Land Corporation to be substituted for Gurnani as the proper real party in interest. Despite that order, Plaintiff still purports to proceed individually, only now "Doing business as Waterfront Land Corp." – a legal impossibility. Moreover, with the respect to the named defendants – none of whom, other than ITFX, have been served – Plaintiff asserts that he/it is suing the "Officers and Directors of I TRADE FX, LLC" as well as ITFX as "Stakeholders." (Doc. 2 at 1); (Doc. 2, ¶¶ 5-6 at 4). None of the officers or directors of ITFX, however, are identified in the Amended Complaint (in fact, Plaintiff asserts that "Defendant the [sic] Officers and Directors of I TRADE FX, LLC, *is* . . . a corporate entity organized under the laws of the state of Florida . . . .") (Doc. 2, ¶ 5 at 4) (emphasis added); and there is no identifiable *res* alleged in the Amended Complaint as being held by any "Stakeholders" for which an interpleader would be appropriate (nor for that matter, does the Amended Complaint otherwise appear to be an interpleader).

Plaintiff from making foreign currency trades. . . ." (Doc. 2, ¶ 22 at 13; ¶¶ 23, 26-27, 29-30 and 31). Even assuming, *arguendo*, that ITFX provided its customers with such charts or data (it does not), and that Gurnani was actually a client of ITFX (he is not), these threadbare allegations fall well short of setting forth requisite predicate acts that "cluster around criminal theft, violation of bank secrecy laws, obstruction of justice, mail fraud and bank fraud," (Doc. 2, ¶ 21 at 8-13) – or any of the dozens of other statutes that Plaintiff references in more than six pages of footnote text reciting 18 U.S.C. § 1961. (Doc. 2, ¶ 21 n. 2 at 8-13).

In short, the Amended Complaint clearly fails to comply with FED. R. CIV. P. 8(a) – let alone the heightened pleading requirements of FED. R. CIV. P. 9(b) – and should be dismissed for failure to state a claim upon which relief can be granted. Neither the Court nor ITFX can be expected to sift through the jumble of conclusory allegations and *non sequiturs* in the Amended Complaint and discern the bases for Plaintiff's claims. The Amended Complaint is so vague and ambiguous that no defendant could reasonably be expected to frame a response.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Amended Complaint should be dismissed, or in the alternative, Defendant is entitled to a more definite state clarifying, *inter alia*, the identify of the parties, the factual bases for Plaintiff's claims, and the predicate statutory violations giving rise to Plaintiff's putative RICO claim.

**WHEREFORE**, Defendant I Trade FX, LLC requests that the Court dismiss Plaintiff's Amended Complaint (Doc. 2).

Dated:  May 16, 2011

Respectfully submitted,

/s/ Bruce B. Blackwell
Bruce B. Blackwell, Lead Counsel
Florida Bar No.: 190808
Taylor F. Ford
Florida Bar No.: 0041008
KING, BLACKWELL, DOWNS & ZEHNDER, P.A.
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
bblackwell@kbdzlaw.com
tford@kbdzlaw.com

*Counsel for Defendant I Trade FX, LLC*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on May 16, 2011, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: ***Joseph W. Gibson, Jr., Esq.*** I further certify that I mailed the foregoing document via U.S. mail to the address provided in the Amended Complaint:  Joseph W. Gibson, Jr., Esq., Joseph W. Gibson, P.A., 19 West Flagler Street, Suite 417, Miami, Florida 33130.[4]

/s/ Bruce B. Blackwell
Bruce B. Blackwell, Lead Counsel
Florida Bar No.: 190808

---

[4] ITFX notes that the suite number listed in the address of record within CM/ECF for Plaintiff's counsel differs from the address provided in the Amended Complaint (Doc. 2 at 19).